James R. Hills, Appellant, v. Joseph Hopp, Appellee. Gen. No. 23,772. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. Hugh R. Stewart, Judge, presiding. Heard in this court at the October term, 1917. Reversed and judgment here. Opinion filed April 29, 1918. Rehearing denied May 13, 1918.

## Statement of the Case.

Action by James R. Hills, plaintiff, against Joseph Hopp, defendant, to recover on a contract for the repurchase of certain stock sold by a corporation to plaintiff. From a judgment for defendant, plaintiff appeals.

Frederick A. Bangs, for appellant; Richard H. Colby, of counsel.

Grossberg & Haffenberg, for appellee.

Mr. Justice Dever delivered the opinion of the court.

## Abstract of the Decision.

1. Corporations—*when ' contract to repurchase stock not unilateral nor lacking in mutuality.* In an action to recover on a contract for the repurchase of stock, where the evidence shows that defendant was, at the time of the sale, the holder of a large majority of the stock; that he stated, before the sale, that he was engaged in the film business; that he would furnish films at cost to the company, which was organized to conduct a moving picture business; that he did not desire to borrow from banks but to help people of moderate means; that the investment in the stock was sure to be profitable; that if plaintiff would purchase the stock, he, defendant, would take it back at any time, if plaintiff became dissatisfied with the purchase, and plaintiff did purchase, the contract to repurchase was not unilateral and not lacking mutuality.

2. Corporations—*when contract to repurchase stock is based on sufficient consideration.* The promise by the holder of a large majority of the stock in a corporation that, if another would purchase stock in the corporation, the promisor would repurchase it if the promisee became dissatisfied with the purchase, is based on sufficient consideration.

3. Corporations—*when error to exclude evidence of interest of one agreeing to repurchase stock in corporation and of manipulation of assets.* In an action against one holding stock in a corporation to recover on his promise that, if the promisee would purchase stock in the corporation, he would repurchase it if the latter became dissatisfied with the purchase, it is error to exclude evidence of the extent of the promisor's interest in and control of the corporation at the time of the trial and his manipulation of its assets.

4. Corporations—*when holder of dominant interest not relieved from liability for refusal to repurchase stock.* In an action to recover on an agreement for the repurchase of stock, where the evidence shows that the promisor had a dominant interest in the corporation when the agreement was entered into, he is not relieved from liability by the fact that the stock was not purchased directly from him but was by him transferred to the corporation which thereafter sold it to the promisee.

5. Frauds, Statute of, § 25*—*when contract to repurchase corporate stock not within.* A contract to repurchase stock if the buyer should become dissatisfied with his purchase does not come within the Statute of Frauds, even though demand for such repurchase is made more than a year after the agreement is entered into, as such a contract may or may not be performed within a year.

6. Gaming, § 16*—*what is not option or gambling contract.* An agreement of a dominant stockholder in a corporation that, if another will buy stock therein, he will repurchase the stock in case the latter becomes dissatisfied with his purchase, is not an option or gambling contract.

7. Corporations—*what is nature of sale of stock under agreement to repurchase.* A sale of stock under an agreement to repurchase in case the buyer becomes dissatisfied is, in legal effect, a sale of personal property with a condition attached that the buyer may return the property in a reasonable time, if dissatisfied.

8. Corporations—*when demand of dominant stockholder to repurchase stock not too late.* In an action against the dominant stockholder in a corporation by one who had purchased stock therein on an agreement with defendant that the latter would repurchase such stock in case plaintiff became dissatisfied with it, a demand for

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

such repurchase made about 17 months after the sale does not come too late in view of defendant's continued interest and probable control of the company, and where it appears that it transferred valuable assets to him, after the sale, in disregard of the rights of other stockholders.